**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VALERY BARYKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 26 C 11729** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **PARTNERSHIPS AND** | ) | |
| **UNINCORPORATED ASSOCIATIONS** | ) | |
| **ON SCHEDULE "A",** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

The Court has reviewed Plaintiff's response [16] to the Court's order [15] sua sponte raising the issue of joinder. For the reasons stated herein, the Court concludes that these fifty-one defendants are misjoined and, if Plaintiff intends to proceed against all of these defendants, his claims must be asserted in no fewer than twelve separate cases. Plaintiff may submit a proposed severance order consistent with the reasoning and conclusions expressed herein to the Court's proposed order email inbox (Proposed_Order_Alonso@ilnd.uscourts.gov) by 11/13/26. If Plaintiff fails to submit a proposed severance order, this case may be dismissed for want of prosecution.

**STATEMENT**

In a September 29, 2026 minute entry, this Court sua sponte raised the issue of whether the fifty-one defendants in this Schedule A case can be properly joined in a single action under Federal Rule of Civil Procedure 20. (*See* Dkt. No. 15.) The Court directed Plaintiff to file a memorandum addressing the propriety of joinder or to file an amended complaint against a subset of these defendants, along with a memorandum explaining why that subset is properly joined. Plaintiff contends that all fifty-one defendants are properly joined, and, in the alternative, several subsets are properly joined.

Defendants have all allegedly infringed one of five copyrighted artworks painted by Plaintiff, Valery Barykin, a Russian artist who specializes in "a distinctive style known as Soviet pin-up, which blends traditional American pin-up aesthetics with elements of Soviet social posters." (Compl. ¶ 3, Dkt. No. 1; *see* Compl. Ex. 1, Dkt. No. 1-1 (attaching Plaintiff's United States copyright registrations).) Plaintiff divides the defendants into six groups:

- Group 1, seventeen storefronts selling products copying Plaintiff's chemist illustration (Copyright Registration No. VA 2-476-707 ("the '707 Work")) and adding the phrase, "Never Underestimate an Old Women [*sic*] Who Loves Science";

- Group 2, eighteen storefronts selling products copying Plaintiff's hairdresser illustration ((Copyright Registration No. VA 2-476-703 ("the '703 Work")) and adding the phrase, "Just a Girl Who Loves Making Others Feel Awesome";
- Group 3, five storefronts selling products copying the same hairdresser illustration, the '703 Work, but captioning it with a different phrase, "She Works Willingly With Her Hands, Proverbs 31:13";
- Group 4, three storefronts selling products copying the chemist illustration, the '707 Work, but captioning it with the phrase, "In a World Full of Princesses Be a Scientist";
- Group 5, five storefronts selling products copying Plaintiff's boating illustration (Copyright Registration No. VA 2-476-708), without adding any caption or other text; and
- Group 6, three miscellaneous storefronts, each of which sells products copying one of Plaintiff's other copyrighted works, without adding any caption or other text, including the hairdresser illustration, a painting of a man and woman holding a hammer and sickle titled, "Glory to Labor!" (Copyright Registration No. VA 2-476-710), and a painting of a woman and a trucker titled, "Hop In, I'll give you a ride!" (Copyright Registration No. VA 2-476-709).

(Pl.'s Mem. in Resp. at 5-6, Dkt. No. 16; *see* Dkt. No. 13-1 (compiling screenshots of the defendants' internet storefronts).) Plaintiff argues that he should be allowed to proceed against Groups 1-4 in one suit because they have a "common product template," and against the remaining defendants in another case or, "failing that," against each group in its own case. (Pl.'s Mem. in Resp. at 15.) He argues that dismissal in any form is improper, *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."), and he asks that the Court sever any parties it deems to be misjoined.

For reasons the Court has explained elsewhere, the Court does not agree that this case can proceed as filed. *See, e.g.*, *Cuomo v. Partnerships and Unincorporated Associations on Schedule A*, No. 26 C 7119 (N.D. Ill. Jul. 28, 2026), Dkt. No. 19; *see also Roadget Bus. Pte. Ltd. v. Individuals, Corps., LLCs, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 986 (N.D. Ill. 2024) ("Where, as here, unrelated defendants are alleged to have infringed various copyrights, it is difficult to see how judicial economy would be promoted by litigating the cases together."); *Roadget Bus. Pte. Ltd. v. Individuals, Corps., LLCs, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23 C 17036, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024) ("This is especially true here because not all the defendants used and sold the same copyrighted images." (cleaned up)). The only connective tissue that holds *all* of the defendants together is that they infringed copyrights that happen to belong to Plaintiff—and they did not even infringe the same copyrighted artwork. This is too lax an approach to joinder.

But there are some subsets of defendants who could properly be joined as defendants in one suit. The defendants in each of Groups 1, 2, 3, and 4 have all added the same phrase to the same copyrighted artwork. The Court does not agree with Plaintiff that this generally qualifies as a "common product template" that links all the defendants in all four groups together, but the products that display the same phrase added to the same artwork in the same way are similar

enough that it is at least plausible that the defendants selling such products are commonly owned or operating in concert. *See Cuomo* at 5. The defendants in Groups 1, 2, 3, and 4 can be joined in one suit per group.

The defendants in the remaining groups cannot properly be joined in the same suit. The defendants in Group 5 all sell a product that copies Plaintiff's boating illustration, without adding any text to it. Merely infringing the same intellectual property is not enough to support joinder, without more. *See Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (citing *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012), and *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)). Plaintiff might argue that some of these defendants use the same language in their listings, but that is not enough; in that respect it is as likely that the defendants are copying each other as that they are copying Plaintiff. And the defendants in Group 6 all infringe different copyrighted artworks, so they have even less in common.

Therefore, the Court is amenable to severance as follows. Plaintiff may proceed against the defendants in Group 1 in one suit, Group 2 in another, Group 3 in a third, and Group 4 in a fourth. The eight remaining defendants may be sued only individually. If Plaintiff intends to proceed against all fifty-one defendants, they must be divided among at least twelve suits in the manner just stated, and Plaintiff must pay a separate filing fee for each suit. Rather than effect severance immediately, and in consideration of the fact that Plaintiff may not find it cost-effective or efficient to proceed against defendants individually or in small numbers, the Court directs Plaintiff to submit, via the Court's proposed order email inbox, a proposed severance order, consistent with the above, that specifies the defendants against whom Plaintiff intends to proceed. If Plaintiff does not submit a proposed order by the above deadline, the Court will assume that Plaintiff no longer intends to pursue this matter before this Court, and the case will be dismissed without prejudice.

**SO ORDERED.** **ENTERED: October 23, 2026**



**HON. JORGE ALONSO**
**United States District Judge**